IN THE MATTER OF: WILLIAM H. MILLER, PETITIONER v. NORTH CAROLINA STATE BOARD OF REGISTRATION FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS, RESPONDENT

No. 8610SC1230

(Filed 2 June 1987)

**Professions and Occupations § 1— professional engineer — suspension of license without notice**

Respondent's suspension of petitioner's license as a professional engineer did not comply with procedures mandated in N.C.G.S. § 150A-3(b) where petitioner was not given notice that a proceeding could result in the suspension of his license and was not given the opportunity to show that he had complied with the requirements for retaining his license.

APPEAL by petitioner from *Brannon, Judge.* Judgment entered 21 July 1986 in Superior Court, WAKE County. Heard in the Court of Appeals 8 April 1987.

In February 1985, the North Carolina State Board of Registration For Professional Engineers and Land Surveyors received a complaint which alleged that petitioner, a Professional Engineer licensed by the Board, had affixed his seal and signature to design

plans that were grossly incompetent and unprofessional. After investigating the complaint, the Board sent petitioner a Notice of Action Without Hearing which stated that the Board had sufficient evidence which supported the charge of gross negligence, incompetence or misconduct. The Board informed petitioner that it would issue a letter of reprimand and fine him $500.00 unless he requested a hearing. Petitioner requested a hearing which was held on 12 December 1985.

On 19 December 1985, the Board issued a Decision and Right of Appeal. The Board concluded that petitioner was guilty of gross negligence and incompetence, reprimanded him and suspended his license "until such time as William H. Miller has demonstrated his competency by successfully passing the eight hour written Principles and Practice of Engineering examination. . . ."

Petitioner appealed the Board's decision and the trial court affirmed the Board's action. From the judgment of the trial court, petitioner appeals.

*Maupin, Taylor, Ellis & Adams, by John C. Cooke and Ronald R. Rogers, for petitioner appellant.*

*Bailey, Dixon, Wooten, McDonald, Fountain & Walker, by Wright T. Dixon, Jr. and Dorothy V. Kibler, for respondent appellee.*

ARNOLD, Judge.

The provisions of Chapter 89C of the General Statutes provide respondent with the authority to supervise engineering in North Carolina. G.S. 89C-21 states:

(a) The Board may suspend, refuse to renew, or revoke the certificate of registration, require reexamination, or levy a fine not in excess of five hundred dollars ($500.00) for any engineer or land surveyor, who is found:

*        *        *        *

(2) Guilty of any gross negligence, incompetence or misconduct, in the practice of his profession. In the event the Board finds that a certificate holder is incompetent the Board may, in its discretion, require oral or written examinations,

In re Miller v. Bd. of Registration for Professional Engineers

or other indication of the certificate holder's fitness to practice his profession and to suspend his license during any such period.

G.S. 89C-21(a)(2).

G.S. 89C-22(b) provides that all charges shall be heard by the Board as provided under the requirements of Chapter 150A of the General Statutes.

G.S. 150A-3(b) provides:

Before the commencement of proceedings for suspension, revocation, annulment, withdrawal, recall, cancellation, or amendment of a license, an agency shall give notice to the licensee, pursuant to the provisions of G.S. 15A-23(c), of alleged facts or alleged conduct which warrant the intended action. The licensee shall be given an opportunity to show compliance with all lawful requirements for retention of the license.

In the case *sub judice*, the Notice of Action Without Hearing informed petitioner that the Board's "intended action" was a reprimand and fine. At no time did the Board inform petitioner that it intended to suspend his license.

Although petitioner was given notice of the alleged facts supporting the reprimand and fine, he had no notice that the same facts would warrant suspension of his license. Additionally, petitioner did not have an opportunity at the hearing to show compliance with the requirements for retaining his license since he was unaware that the proceeding could result in the suspension.

We hold that the Board's suspension of petitioner's license did not comply with the procedures mandated in G.S. 150A-3(b). Petitioner was entitled to notice that the proceeding could result in the suspension of his license and given the opportunity to show that he had complied with the requirements for retaining his license. Accordingly, the judgment of the trial court is reversed and the Board's decision is vacated.

Reversed.

Judges WELLS and ORR concur.